UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENTEK BUILDING PRODUCTS, INC. And STEEL PEEL TRUST, | ) ) ) | CASE NO.: 1:02CV13 |
| Plaintiffs, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) | **ORDER AND DECISION** |
| THE SHERWIN-WILLIAMS COMPANY, | ) ) | (Resolving Doc. #174) |
| Defendant. | ) ) ) | |

This matter comes before the Court on Motion by Defendant The Sherwin-Williams Company ("Sherwin-Williams") for Summary Judgment on Counts Ten and Eleven in Plaintiffs Gentek Building Products, Inc. ("Gentek II") and Steel Peel Trust's Complaint (collectively referred to as "Plaintiffs"). Plaintiffs filed an Opposition to the Motion. Thereafter, a Reply brief was filed. Based on the findings of fact and conclusions of law made in this Court's ruling (Doc. #163) on Defendant's motion for partial summary judgment and for reasons stated below, it is hereby determined that Sherwin-Williams Motion is GRANTED. Plaintiffs' final two causes of action remaining in the Complaint, Counts Ten and Eleven, are hereby DISMISSED.

This Court will not reiterate the applicable law for a motion for summary judgment or the facts in this case as both were discussed in prior orders and are incorporated here by reference.

Count Ten states as follows:

> 111. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 110 of this Amended Complaint as if fully rewritten.

> 112. Sherwin-Williams represented that its Superclad® 1100 was formulated to resist film integrity loss for more than 40 years when applied to aluminum and steel siding and siding components.
> 113. Gentek claims that certain formulations of Sherwin-Williams Superclad® 1100 are susceptible to film integrity loss well in advance of the 40 years represented and warranted by Sherwin-Williams and that those formulations of the Superclad® 1100 are, therefore, defective.
> 114. Sherwin-Williams disputes that certain formulations of its Superclad® 1100 coatings are defective or otherwise fail to comply with its express and implied warranties.
> 115. The dispute between Gentek and Sherwin-Williams represents a justiciable issue between the parties.

Plaintiffs' Amended Complaint, p. 21, ll. 111-115. Based on the above wording, it is unclear exactly what Plaintiffs are seeking this Court to declare. However, in interpreting the claim in the broadest manner, it could be read to be asking the Court to find that certain formulations of Superclad® 1100 are susceptible to a loss of integrity prior to the stated and warranted 40 years which makes them defective.

Count Eleven states, in paragraphs 116-121, that certain definitions under the Magnuson-Moss Act apply to this action. Based on this assertion, Plaintiffs allege:

> A. the standards, restrictions, and other regulations on warranties imposed by the Magnuson-Moss Act apply with respect to the expressed and implied warranties surrounding the sale of the Superclad® 1100 coating to Plaintiff Gentek;
> B. the warranties that underlie the warranty-related claims set forth elsewhere in this Amended Complaint (which claims are incorporated herein by reference), including, without limitation, Counts I, II and III, are extended and expanded to the fullest extent required or permitted by the Magnuson-Moss Act; and
> C. Plaintiff Gentek is entitled to recover its costs, including reasonable attorneys' fees, incurred in connection with bringing this matter.

Plaintiffs' Amended Complaint, p. 23, para. 121 (A-C). Plaintiffs claim both present and future damages under the Magnuson-Moss Act for Sherwin-William's rejection to perform under the warranty.

On February 22, 2005, this Court entered an Order granting Sherwin-Williams' motion for partial summary judgment making the following findings of fact and conclusions of law which are pertinent to the present Motion:

> (1) Gentek II lacks standing to enforce an express written warranty issued by Sherwin-Williams to Alcan Building Products in 1988;
> (2) a four-year statute of limitations bars implied warranty claims with respect to Superclad 1100 delivered to Gentek prior to November 29, 1997;
> (3) Gentek II may not recover in contract, express warranty, implied warranty, or tort for future damages that might arise from "steel peel" failures that have not yet occurred; . . . .

Doc. #163, pp 1-2.

Based on these findings it is determined that no judiciable issue remains in Counts Ten and Eleven of the Amended Complaint. The reason for this is because the Court cannot make a declaratory judgment that Superclad® 1100 is defective when the Plaintiffs either lack standing to pursue a claim, are barred by the statute of limitations to bring a claim, or can produce no evidence of the product's failure. Additionally, without the ability to assert a valid warranty claim, Plaintiffs have no claim under the Magnuson-Moss Act. Therefore, no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law on Counts Ten and Eleven in the Amended Complaint.

Plaintiffs grasp on to Defendant's alternative argument in an attempt to strip this Court of subject matter jurisdiction, void the prior judgments made, and send the entire case, from the beginning, back to state court for adjudication. Plaintiffs argument lacks merit, however, because it is at the time the complaint is removed that the Court looks to determine whether it has proper subject matter jurisdiction. *See C. Long v. Bando, MFG of AM, Inc.,* 201 F.3d 754, 758 (6th Cir. 2000). Therefore, the mere fact that Sherwin-

3

Williams now argues that Plaintiffs claims do not properly fall under the Magnuson-Moss Act is not determinative of whether this Court had proper subject matter jurisdiction at the time of removal. The Court determined subject matter jurisdiction was proper under the Magnuson-Moss Act based on the wording in Plaintiffs Complaint. The fact that Sherwin-Williams determined, after discovery, that the Act does not apply to this action does not serve to divest this Court of jurisdiction. It is additionally noted that Plaintiffs never filed a motion to remand and filed an Amended Complaint after the case was removed specifically alleging claims under the Magnuson-Moss Act.

Based on the above, the Court finds Sherwin-Williams Motion to be well-taken and GRANTS same. no genuine issue of fact survives. As such, Plaintiffs Amended Complaint is hereby DISMISSED.

So ordered.

May 30, 2006                           _____*s/ Judge John R. Adams*_____
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT COURT