ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GENTEK BUILDING PRODUCTS, INC., et al., | ) ) ) | CASE NO. 1:02CV0013 |
| Plaintiffs, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | MEMORANDUM OF OPINION AND ORDER RE: PREJUDGMENT INTEREST |
| SHERWIN-WILLIAMS COMPANY, | ) ) | |
| Defendant. | ) | |

In 2001 and in previous years, counterclaim plaintiff The Sherwin-Williams Company ("Sherwin-Williams") sold coating products to counterclaim defendants Gentek Building Products, Inc. and Sherwin-Williams Claims Trust (collectively, "Gentek II"). On February 28, 2005, the Court granted the motion for summary judgment of Sherwin-Williams. The Court found that Sherwin-Williams is entitled to payment from Gentek II for 72 outstanding invoices totaling $867,509.95, plus interest that has accrued since 2001 on overdue amounts reflected in those invoices. *See* Order (Doc. 164). The Court concluded that New Jersey law governed the issues under adjudication in the motion for summary judgment. *Id.* at 3. Furthermore, it was determined that an award of prejudgment interest is appropriate.

> Through no fault of its own, Sherwin-Williams has been denied the use of a substantial sum of money and the interest thereon for a considerable amount of time. Gentek II simply stopped paying for the coating products it received from Sherwin-Williams, even though Gentek II continued to incorporate those coating products into its siding for sale to customers (despite an alleged belief that coatings received in 2001 contained a latent defect). Gentek II has not articulated any justification for its actions. Accordingly, the Court will award prejudgment interest in an amount to be determined following an evidentiary hearing.

*Id.* at 6-7.

The within matter came on for an attorney conference on June 15, 2006, in lieu of the evidentiary hearing regarding prejudgment interest on the counterclaim. According to the invoice terms, net payment was due 60 days after delivery. Therefore, the parties agree that prejudgment interest should be awarded from 60 days after the date of an invoice until February 28, 2005, the date the Court entered the Order (Doc. 164). There is also no dispute between the parties that the Court should award simple interest compounded yearly. Finally, the parties agree that postjudgment interest should be awarded from March 1, 2005 at the federal statutory rate. *See* 28 U.S.C. § 1961. The sole issue here is what rate of interest applies to the award of prejudgment interest.

The Court has reviewed defendant's original hearing brief, submitted on April 18, 2005, the brief of plaintiff Gentek Building Products, Inc. ("Gentek") (Doc. 172), and defendant's supplemental brief (Doc. 173) and supplemental hearing brief (Doc. 182).[1] The Court has also considered the exhibits attached to the briefs and the oral statements of counsel offered during the attorney conference held on June 15, 2006.

Sherwin-Williams argues that the equities require that the Court apply the Sherwin-Williams Cost of Capital when calculating prejudgment interest on the outstanding invoices. According to the counterclaim plaintiff, it is necessary to apply the Cost of Capital in order to compensate Sherwin-Williams for amounts it would have earned had Gentek II paid the 72 invoices in a timely manner. The cost of capital is internally measured at Sherwin-Williams as a means of determining the expected fair rate of return for investments in capital. Affidavit of

---

[1]The memoranda were filed under seal pursuant to the Protective Order previously (Doc. 175) entered by the Court.

William DeSantis at ¶3 (Doc. 173 at Ex. G). Applying the Cost of Capital rates from 2001 through 2005 would result in an award of prejudgment interest in the amount of $248,412.39. Doc. 173 at Ex. A.

In the alternative, Sherwin-Williams requests that the Court take judicial notice of the low and high interest rates in contract cases which are generally permitted under New Jersey law. Applying the established low and high rates yields a range of $158,589.33 to $464,896.42. Doc. 173 at Exs. D and F.

Courts in New Jersey may rely on NJ Ct. R. 4:42-11 as a benchmark to determine prejudgment interest where higher rates are not supported by the evidence. *DialAmerica Marketing, Inc. v. KeySpan Energy Corp.*, 865 A.2d 728, 733 (N.J.Super.A.D. 2005). The amount of interest owed on $867,509.95 by applying the New Jersey rate of interest on judgments plus 2% pursuant to NJ Ct. R. 4:42-11 is $158,589.33. Doc. 173 at Ex. D.

N.J. Stat. § 31:1-1(a) sets forth the maximum contract rate permitted under New Jersey law. It states:

> Except as herein and otherwise provided by law, no person shall, upon contract, take, directly or indirectly for loan of any money, wares, merchandise, goods and chattels, above the value of $6.00 for the forbearance of $100.00 for a year, or when there is a written contract specifying a rate of interest, no person shall take above the value of $16.00 for the forbearance of $100.00 for a year.

Therefore, the maximum contract rate permitted is 16%. Applying the New Jersey maximum rate of 16% would result in an award of prejudgment interest in the amount of $464,896.42. Doc. 173 at Ex. F.

Gentek argues that, if prejudgment interest is to be awarded on the counterclaim, the Court should follow federal law. It notes that Sherwin-Williams removed the case to this Court

3

based on federal question jurisdiction, not diversity jurisdiction. Gentek suggests that the most reasonable, compensatory rate is the weekly average of the one-year constant maturity treasury yield (the "1-yr CMT Rate") as published by the Board of Governors of the Federal Reserve system. *See* 28 U.S.C. § 1961. Therefore, it urges the Court to adopt that rate. The amount of interest owed on $867,509.95 based upon the 1-yr CMT Rate is $54,184.56. Affidavit of Tracy Scott Johnson (Exhibit A to Doc. 172) at Ex. 6.[2]

After considering the entire record in the case at bar, the Court concludes that it will follow New Jersey state law in resolving the issue of what rate of interest applies to the award of prejudgment interest. The Court finds that the New Jersey rate of interest on judgments plus 2% will compensate Sherwin-Williams for the loss of the use of the money in this matter. Furthermore, the higher rates requested by Sherwin-Williams are not supported by the evidence. The Court holds that equity dictates that Sherwin-Williams shall recover of Gentek II the sum of One Hundred Fifty-eight Thousand Five Hundred Eighty-nine and 33/100 Dollars ($158,589.33) as prejudgment interest through February 28, 2005.

IT IS SO ORDERED.

| | |
|---|---|
| June 29, 2006 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

---

[2]Gentek states that applying the annual Prime lending rate yields $131,406.86 in total interest. The parties also stipulated to calculations based upon the Commercial Paper rate and revolving credit line rate of Sherwin-Williams. *Id.*